UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DARREL KING, <br><br> Petitioner, <br><br> vs. <br><br> MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, <br><br> Respondent. | Case No:  C 10-0778 SBA (PR) <br><br> **ORDER DISMISSING ACTION** <br><br> Dkt. 3 |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, claiming that the California Board of Parole Hearings' ("Board") decision in 2008 denying him parole violates his right to due process under the Fourteenth Amendment.  In an Order, dated March 4, 2010, the Court ordered Respondent to show cause why the petition should not be granted.  On May 3, 2010, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies.  Dkt. 3.  Petitioner's response to the motion to dismiss was due by July 10, 2010, but no opposition was filed.  Dkt. 5.

In his petition, Petitioner specifically claims that the Board's 2008 denial of parole does not comport with due process because it is not supported by "some evidence" demonstrating that he poses a current unreasonable threat to the public.  However, the Supreme Court recently held that a prisoner subject to California's parole statute is deemed to receive adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied.  Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011).  The record shows Petitioner received at least this amount of process. Swarthout holds that the Constitution does not require more.  Id.

1 | Whether the Board's decision was supported by some evidence of current
2 | dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is
3 | no federal concern . . . whether California's 'some evidence' rule of judicial review (a
4 | procedure beyond what the Constitution demands) was correctly applied." Id. Even
5 | though Respondent argues and Petitioner does not dispute that his claim is unexhausted,
6 | said claim is clearly is without merit; therefore, the Court DENIES his due process claim
7 | notwithstanding the possibility that it may be unexhausted. Accordingly,

IT IS HEREBY ORDERED THAT

1. The petition for a writ of habeas corpus is DENIED.

2. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. Respondent's motion to dismiss is DENIED as moot.

4. The Clerk of the Court shall enter judgment in favor of Respondent, terminate Docket 3 and any other pending matters and close the file.

IT IS SO ORDERED.

Dated: February 28, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge